BATTLE CREEK LUMBER CO., *v.* POLAND.

1. MECHANICS' LIENS — TIME FOR FILING — EXTENSION —ARTICLES FURNISHED—SUFFICIENCY.

The furnishing of articles not ordered, not used, and not suitable for use in a building cannot operate to extend the time for filing a lien for materials furnished for the construction of the building.

2. SAME—ORDER—EVIDENCE—SUFFICIENCY.

Testimony by defendant that he spoke to complainant about the sash, and that complainant said he would send them right up, and that defendant said he had not the dimensions, is not an admission by defendant that he gave an order for the sash delivered afterwards by complainant and not used because not of the proper dimensions.

3. SAME—TESTIMONY—BOOK ENTRIES—PROBATIVE EFFECT.

Complainant's testimony that defendant ordered the sash is not materially strengthened by an entry in his order book to that effect made by himself, it being at most a contemporary act tending to show his understanding of the transaction.

4. SAME—DEFENDANT AS WITNESS — IMPAIRMENT OF CREDIBILITY.

That complainant actually furnished materials for which defendant is indebted to him, and for which he should pay, though a potent force in the administration of justice, should not be used to impair defendant's credibility as a witness while testifying as to whether he ordered certain materials delivered by complainant and relied upon to extend the time for filing a lien.

5 SAME—RIGHTS OF DEFENDANT.

It is the right of a landowner that this property be not held subject to a mechanics' lien unless the creditor has complied with the statute.

Appeals from Calhoun; Hopkins, J. Submitted October 16, 1907. (Docket Nos. 72, 73.) Decided January 31, 1908.

Bills by the Battle Creek Lumber Company against Adrian A. Poland and others to enforce mechanics' liens.

From decrees for complainant, defendant Poland appeals.
Reversed, and bills dismissed.

*Duane C. Salisbury*, for complainant.

*Willard A. Knight*, for appellant.

HOOKER, J. The above-entitled causes between the
same parties were commenced simultaneously to enforce
two mechanics' liens upon two city lots for building mate-
rial alleged to have been furnished for the respective
houses. That the defendant is indebted to the complain-
ant for most of the items charged is not denied. The
most important question is one of fact, viz., whether two
items of April 21, and May 12, 1904, respectively, were
ordered by the defendant for, and were used in, the re-
spective houses. If they were, the liens were seasonably
filed; otherwise they were not. The bill of April 21st in-
cluded several items of lumber; that of May 12th, cellar
windows for both houses. No witness for the complain-
ant testified that these articles were delivered at the
premises except the complainant's salesman. On cross-
examination he admitted that he had no personal knowl-
edge upon the subject, but relied upon his delivery slips
and books, neither of which indicated anything except the
ledger, and this one from pencil memoranda made by
him subsequent to the posting of the items from the sales-
book by a bookkeeper. He admitted that the windows
were not used in the houses. On the other hand, the de-
fendant testified that the windows were delivered but
were not used; being not the right size. In this he was
corroborated by another witness who testified that on
September 12, 1904, he ordered windows from another
firm, and that those furnished by the complainant were
not used in the buildings.

Defendant testified that the April 21st items were deliv-
ered elsewhere and went into another house at the corner
of Pearl and McCamly streets. Defendant denied that
he gave a positive order for the windows. He testified:

"Yes, I mentioned to him that I hadn't got cellar sash, and he said, 'We'll send them right up.' I said, 'I can't give you the dimensions,' and I didn't have them. I never gave him the dimensions, nor I never gave him the order." The circuit court considered this a "practical admission that he gave the order." It certainly was not an order for sash that would not fit and we are of the opinion that the complainant had no reason for sending them without first obtaining the measurements.

Complainant's witness testified that defendant gave the order for the windows. He could not tell where it occurred and he did not give the conversation or contradict defendant's version of the talk. He produced the order book, however, showing an entry of an order for two sash for each house. This, however, did not materially strengthen his testimony, for it was nothing more than self-made evidence of a transaction testified to by him and the defendant which might or might not justify the entry. It was at most a contemporary act which tended to show that he understood that the sash were ordered for the houses.

It is not denied that the defendant is indebted to the complainant, whom he should pay, and we recognize such a fact as a potent force in the administration of justice. But a debtor has his rights, and one is that his property be not held subject to a lien unless the creditor has complied with the statute. In this case the debtor is subject to judgment and execution, but it does not follow that his property is subject to a lien; nor is a court justified in using that fact as a sort of impairment of his credibility. The most that this record can be claimed to show is that the sash were ordered for the houses; that sash suitable for the purpose were never furnished and never used. We are convinced that no order was given that called upon complainant's salesman to send sash until dimensions should be furnished, and that proper sash were not furnished. The defendant being under no obligation to pay

for them, they could not well constitute an item that would extend the period for filing a lien.

We think the items furnished on April 21st are open to a similar criticism. It is to our minds satisfactorily proved that these articles were ordered for, delivered at, and used in, a third house. Complainant's testimony shows that it was giving defendant a general credit, items for several jobs being charged in a single account. It has not produced much evidence to sustain its claim, most of it being deductions from books made by others, or otherwise in its nature hearsay. It let the period for liens on these two buildings expire, with the consequence that it has difficulty in establishing a lien or liens that would cover the entire account.

The decrees are reversed, and bills dismissed, with costs of both courts.

OSTRANDER, MOORE, CARPENTER, and MCALVAY, JJ., concurred.